# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11184
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON MAURICE SHANNON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:12-CR-4-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The district court revoked Brandon Maurice Shannon's supervised release and imposed an 18-month sentence of imprisonment. For the first time on appeal, Shannon asserts that there was an error in the determination of his criminal history category in the sentencing on his underlying felon-in-possession of a firearm conviction. He argues that a correct determination of his criminal history score would have resulted in his placement in criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history category III, rather than criminal history category IV, and that his sentencing range in the instant case therefore should have been 5 to 11 months of imprisonment under U.S.S.G. § 7B1.4(a), p.s., rather than 6 to 12 months, as determined by the district court.  Shannon contends that the district court's failure to consider the error with respect to his criminal history category renders the revocation sentence in the instant case plainly unreasonable both substantively and procedurally.

Generally, revocation sentences are reviewed under the "plainly unreasonable" standard established by 18 U.S.C. § 3742(a).  *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  However, because Shannon did not object to his sentence in the district court, our review is limited to plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  Under the plain error standard, Shannon must show a clear or obvious error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes these showings we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Shannon asserts that revocation sentences should be reviewed to determine if they are unreasonable, rather than plainly unreasonable.  He also contends that a defendant need not object in order to preserve a claim that his sentence was substantively unreasonable.  As Shannon notes, our precedents foreclose these arguments.  *See Miller*, 634 F.3d at 843; *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).  He raises the issues to preserve them for further review.

District courts are required to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range."  *Gall v. United States*, 552 U.S. 38, 49 (2007).  In reviewing a sentence, an appellate court's first task

No. 17-11184

is to "ensure that the district court committed no significant procedural error." *Id.* at 50. A district court commits a significant procedural error if it improperly calculates the Guidelines range. *Id.*

"The criminal history category under § 7B1.4(a) is defined as 'the category applicable at the time the defendant was originally sentenced to a term of supervision.'" *United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008); *see* U.S.S.G. § 7B1.4(a) cmt. n.1. Here, the district properly used the criminal history category applicable when Shannon was sentenced on his conviction of being a felon in possession of a firearm to determine his sentencing range under § 7B1.4(a). *See id.* At a minimum, it was not plain error to do so. A defendant may not challenge the calculation of his criminal history score for the first time in an appeal from a sentence imposed on the revocation of supervised release. *See United States v. Hinson,* 429 F.3d 114, 116 (5th Cir. 2005).

In view of the foregoing, Shannon fails to show plain error. *See Puckett*, 556 U.S. at 135. His revocation sentence is therefore AFFIRMED.